# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| D.M., et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>COUNTY OF MERCED, et al.,<br><br>    Defendants. | Case No. 1:20-cv-00409-NONE-SAB<br><br>ORDER APPOINTING JOSE MARTINEZ GUARDIAN AD LITEM FOR PLAINTIFFS D.M. AND L.M. AND VACATING APRIL 29, 2020 HEARING<br><br>(ECF Nos. 8, 9) |

On March 19, 2020, minors D.M. and L.M., Denise Sawyer, and Doug Snider filed a complaint in this action. (ECF No. 1.) The complaint states the action is filed by and through the minors' guardian ad litem Jose Martinez. On March 23, 2020, the Court ordered Plaintiffs' counsel to either file evidence that a representative had been appointed under state law, or file a motion for appointment of a guardian ad litem. (ECF No. 8.) On March 26, 2020, Plaintiffs filed a motion to appoint Jose Martinez as guardian ad litem for Plaintiffs L.M. and D.M., and set a hearing for April 29, 2020. (ECF No. 9.) The Court, having reviewed the record, finds this matter suitable for decision without oral argument. See L.R. 230(g). Accordingly, the hearing set on April 29, 2020, will be vacated and the parties will not be required to appear at that time.

Pursuant to Rule 17 of the Federal Rules of Civil Procedure, a representative of a minor or incompetent person may sue or defend on the minor or incompetent person's behalf. Fed. R. Civ. P. 17(c). This requires the Court to take whatever measures it deems appropriate to protect

1

the interests of the individual during the litigation. <u>United States v. 30.64 Acres of Land, More or Less, Situated in Klickitat Cty., State of Wash.</u>, 795 F.2d 796, 805 (9th Cir. 1986). The appointment of the guardian ad litem is more than a mere formality. <u>Id.</u> "A guardian ad litem is authorized to act on behalf of his ward and may make all appropriate decisions in the course of specific litigation." <u>Id.</u> A guardian ad litem need not possess any special qualifications, but he must "be truly dedicated to the best interests of the person on whose behalf he seeks to litigate." <u>AT&T Mobility, LLC v. Yeager</u>, 143 F.Supp.3d 1042, 9 (E.D. Cal. 2015). This means that the guardian ad litem cannot face an impermissible conflict of interest with the ward and courts consider the candidate's "experience, objectivity, and expertise" or previous relationship with the ward. <u>Id.</u> (citations omitted).

"[W]hen a parent brings an action on behalf of a child, and it is evident that the interests of each are the same, no need exists for someone other than the parent to represent the child's interests under Rule 17(c)." <u>Gonzalez v. Reno</u>, 86 F.Supp.2d 1167, 1185 (S.D. Fla.), <u>aff'd sub nom. Gonzalez v. Reno</u>, 212 F.3d 1338 (11th Cir. 2000). While a parent is generally appointed as a guardian ad litem, there are situations where the best interests of the minor and the interests of the parent conflict. <u>Anthem Life Ins. Co. v. Olguin</u>, No. 1:06-CV-01165 AWINEW, 2007 WL 1390672, at *2 (E.D. Cal. May 9, 2007). Therefore, a parent is not entitled as a matter of right to act as guardian ad litem for the child. <u>Id.</u>, at *2.

The Court has considered the motion and declaration of Jose Martinez for appointment as guardian ad litem for Plaintiffs D.M. and L.M. in this action, and finds that no conflict that would preclude him serving as a guardian ad litem for Plaintiffs D.M. and L.M. (ECF Nos. 9; 9-1.) The filing indicates Plaintiffs L.M. and D.M. are the children of Jose Martinez, and Jose Martinez has full legal custody and provides for their care. (<u>Id.</u>)

///
///
///
///
///

Accordingly, IT IS HEREBY ORDERED that

1. JOSE MARTINEZ is appointed guardian ad litem for minor Plaintiffs D.M. and L.M.; and
2. The hearing scheduled for April 29, 2020, is VACATED.

IT IS SO ORDERED.

Dated: **March 27, 2020**

UNITED STATES MAGISTRATE JUDGE