# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| D.M., et al., | Case No. 1:20-cv-00409-JLT-SAB |
| Plaintiffs, | ORDER RE: INFORMAL DISCOVERY DISPUTE |
| v. | (ECF Nos. 55, 56) |
| COUNTY OF MERCED, et al., | |
| Defendants. | |

**I.**

**INTRODUCTION**

On January 19, 2022, at the parties' request, the Court set an informal discovery dispute conference to be held on January 25, 2022. (ECF No. 55.) On January 24, 2022, the parties filed a joint informal discovery dispute letter brief. (ECF No. 56.) An informal discovery conference was held via videoconference on January 25, 2022, to address the dispute. Counsel Christopher Adam Lisieski appeared for Plaintiffs, and counsel Peter G. Bertling appeared for Defendants.[1]

///

---

[1] For purposes of this discovery dispute, "Defendants" refers to the CFMG/Wellpath Defendants only, and the County Defendants have no position on the instant dispute, and are not participating in the informal process.

## II.

## BACKGROUND

This lawsuit arises from the death by suicide of Rene Snider ("Ms. Snider") in the Merced County Jail on March 23, 2019. (First Amen. Compl. at 2, ECF No. 11.) Ms. Snider entered the Merced County Jail after being found incompetent to stand trial and remanded for restoration of competency. (Id.) Plaintiffs allege that Ms. Snider was at a significantly increased risk of suicide, due to her mental illness, prior history of suicide attempts, the cessation of her mental health medications, and the fact that the court itself found her to be a danger to herself and others in its decision to remand her into custody.

Plaintiffs D.M., L.M., Denise Sawyer, and Doug Snider ("Plaintiffs"), filed this action on March 19, 2020. Plaintiffs are Ms. Snider's minor children, and her mother and father, who bring claims both on their own behalf and on behalf of her estate. (Id.) The first amended complaint alleges both state and federal claims related to Ms. Snider's death in the custody of Defendants, both against the individual employees and officers, and against the entity Defendants. (Id.) Defendants in this matter include Wellpath and California Forensic Medical Group, the third-party service providers who provide mental and medical health care services at the Merced County Jail; the County of Merced; and various employees and agents of each.

Plaintiffs allege that Defendant Gianfranco Burdi ("Burdi") was a medical doctor that worked at Merced County Jail, and ordered Ms. Snider's Prozac prescription to be restarted on March 20, 2019, but failed to provide Ms. Snider with her prescription for Dilaudid. (Id. at 5.) The instant discovery dispute centers on the parties' disagreement of whether Defendant Burdi should be allowed to attend his deposition by remote means.

## III.

## LEGAL STANDARD

Pursuant to the undersigned's procedures for informal discovery dispute resolution, the parties may stipulate to allow for the resolution of discovery disputes outside of the formal Local Rule 251 procedures by conducting an informal conference. Prior to conducting such conference, the parties must agree to the informal process, agree to an entry of an order by the Court after the

2

conference, and agree to abide by such order.

Rule 26 provides that a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).  Information need not be admissible in evidence to be discoverable. Id. "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401.

Depositions are governed by Federal Rule of Civil Procedure 30, which states in relevant part:

> **(a) When a Deposition May Be Taken.**
>
> > **(1) *Without Leave*.** A party may, by oral questions, depose any person, including a party, without leave of court except as provided in Rule 30(a)(2). The deponent's attendance may be compelled by subpoena under Rule 45.
> >
> > **(2) *With Leave*.** A party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(1) and (2):
>
> **(A)** if the parties have not stipulated to the deposition and:
>
> > **(i)** the deposition would result in more than 10 depositions being taken under this rule or Rule 31 by the plaintiffs, or by the defendants, or by the third-party defendants;
> >
> > **(ii)** the deponent has already been deposed in the case; or
> >
> > **(iii)** the party seeks to take the deposition before the time specified in Rule 26(d), unless the party certifies in the notice, with supporting facts, that the deponent is expected to leave the United States and be unavailable for examination in this country after that time; or
>
> **(B)** if the deponent is confined in prison.

Fed. R. Civ. P. 30. "The parties may stipulate—or the court may on motion order—that a deposition be taken by telephone or other remote means." Fed. R. Civ. P. 30)(b)(4).

3

The Court is vested with broad discretion to manage discovery. <u>Dichter-Mad Family Partners, LLP v. U.S.</u>, 709 F.3d 749, 751 (9th Cir. 2013) (per curiam); <u>Surfvivor Media, Inc. v. Survivor Prods.</u>, 406 F.3d 625, 635 (9th Cir. 2005); <u>Hallett v. Morgan</u>, 296 F.3d 732, 751 (9th Cir. 2002). Pursuant to Rule 26(c)(1), the Court may, for good cause, issue a protective order forbidding or limiting discovery. The avoidance of annoyance, embarrassment, oppression, or undue burden or expense is grounds for the issuance of a protective order. Fed. R. Civ. P. 26(c).

## III.

## DISCUSSION

The discovery dispute involves a disagreement of whether the deposition of Defendant Gianfranco Burdi must be conducted remotely via video, or whether the deposition may be conducted in-person. (Joint Statement Re. Discovery Dispute ("JS) 1, ECF No. 56.)

**A.     Plaintiffs' Position**

Plaintiffs argue that since the parties began discussing depositions in September of 2021, they have consistently maintained they intended to take depositions in-person, due to their belief of the benefits of doing so, most significantly being the ability to better evaluate the testimony for purposes of assessing credibility at trial. (JS 2.) Plaintiffs argue this is particularly important here because the decedent cannot testify on her own behalf, and proffer Defendant Burdi is a critical witness. (JS 2.) Plaintiffs state they advised Defendants of this strong preference, including in a late September 2021 phone call; and in an October 1, 2021 email attempting to schedule the depositions of Burdi and others. Plaintiffs emphasize that all depositions in this case to date have been conducted in-person, and prior to this instant dispute, no party at any time objected to conducting depositions in person. (<u>Id.</u>)

In an email dated October 4, 2021, Defendants advised Plaintiffs that Burdi was located in San Diego. (<u>Id.</u>) Plaintiffs requested available dates, and on October 6, 2021, Defendants provided dates for other witnesses, but no dates for Burdi, with Defendants indicating they would follow up. (<u>Id.</u>) Plaintiffs contacted Defendants on October 12, 2021, and on October 25, 2021, noting they were still waiting on dates for Burdi's deposition. On November 1, 2021, Defendants advised Plaintiffs that Burdi had been hospitalized after undergoing major surgery, and indicated

they would ascertain when he would be released and available, however, Plaintiffs state thereafter they received no further communication about Burdi's availability.  Because no dates were ever provided, on December 7, 2021, Plaintiffs served a notice of deposition setting the deposition for January 21, 2022, in Plaintiffs' counsel's office, and noting the witness must attend in person. (JS 2-3.)

One month later, on January 7, 2022, Plaintiffs were advised that Burdi was now in Italy and would not attend the deposition in-person, the first objection Plaintiffs had received to the deposition notice. (JS 3.)  Plaintiffs submit that Defendants later clarified that Burdi had traveled to Italy on December 8, 2021, the day after the notice of deposition was served, and could not be expected to return to the United States because of the COVID-19 pandemic.  (Id.)  When Plaintiffs inquired about potentially delaying the deposition for a reasonable time to allow for an in-person deposition, Plaintiffs were then advised that Burdi now lived permanently in Italy and would not return under any circumstance.  (Id.)

Plaintiffs submit that Federal Rule of Civil Procedure 30(b)(4) requires a stipulation or court order for a remote deposition, and here there is no stipulation, and Defendants have not sought a court order.  (Id.)

**B.     Defendants' Position**

Defendants submit that Plaintiffs have no justification to compel an in-person deposition, as there is no indication of prejudice to Plaintiffs, particularly given the remote process has been used since the inception of the pandemic. (JS 3.)  Defendants contend counsel has been forthright regarding the production of Burdi for deposition; that he is not a resident of Merced County but resides in Italy; and that Burdi's connection with this case is limited to his issuance of a single order for the decedent to continue her medication upon her arrival at the Merced County Jail, and nonetheless, Defendants' counsel allowed written discovery to proceed against Burdi, who has provided full responses to all written discovery. (JS 3-4.)

As for the September 2021 conference, Defendants state that during the conference Plaintiffs' counsel represented they wanted to have all witnesses appear in-person, ":although there was a caveat for Dr. Burdi, depending on his location," and Defendants' counsel "indicated

5

Dr. Burdi's location would be determined." (JS 4.)  On October 4, 2021, Defendant emailed all parties stating the latest information from Burdi "was that he was in Southern California, near San Diego.  However, that may not be currently accurate so I will find out." (JS 4.)  In "the process of continued and attempted contact with Dr. Burdi regarding his deposition," on October 28, 2021, Defendants' counsel was informed Burdi was hospitalized due to the major surgery and that Burdi did not know when he would be available, which Plaintiffs were immediately informed of. (JS 4.)

Defendants' counsel also emphasizes that despite the incredible inconvenience, two other deponents were deposed in-person in November of 2021, and that Plaintiffs' unreasonable insistence that both of those depositions occur in person posed a threat to the health and safety of all parties, necessitating travel and lengthy indoor exposure. (Id.)

Following the issuance of the deposition notice on December 7, 2021, on the same date, Defendants' counsel emailed Burdi and were advised that he was leaving for Italy, and did not have a return flight booked to the United States because of the worsening COVID-19 pandemic. (Id.)  Specifically, on December 8, 2021, Burdi advised Defendants' counsel that Burdi was in Mexico, and that he would be leaving soon for Italy, later affirming he did leave for Italy on December 15, or 16, 2021. (Id.)  On January 4, 2022, Burdi advised Defendants' counsel that he would be available for deposition via video on January 20 and 21, 2022, to accommodate the Plaintiffs' deposition notice.  On January 7, 2022, Defendants' counsel provided January 20, 2022 as the only deposition date due to counsel's conflicted schedule on January 21.  Defendants advised Plaintiffs that Burdi would need to be deposed remotely as he had no plans to return to the United States, particularly during the recent COVID-19 surge. (JS 4-5.)

Defendants submit that Plaintiffs' counsel has known from day one that Burdi's deposition may be possibly subject to a remote process; and argue there is no legitimate rationale for compelling Burdi to travel to the United States for a deposition because it is oppressive, burdensome, and unsafe.

///

///

### C.     The Court Finds in Favor of Plaintiffs

The Court finds Plaintiffs' have legitimate and reasonable reasons for desiring to conduct depositions in-person, and Plaintiffs have demonstrated that they have consistently informed Defendants of this position when communicating regarding the setting of depositions.  In the Court's experience, in-person depositions are crucial to assessing a witness's potential presentation at trial, veracity, and credibility.

While the COVID-19 pandemic is a legitimate concern, any concerns regarding the dangers of COVID were apparently not raised in a formal objection to Plaintiffs in a reasonable time frame during the meet and confer process whereby Plaintiffs attempted to lock down dates for Burdi's deposition.  Rather, following diligent attempts at conferring on available dates, on December 7, 2021, Plaintiffs noticed the deposition with more than thirty days' notice, however, Defendants' counsel did not provide Plaintiffs' counsel with an objection to the deposition notice until January 7, 2021.  This is despite Defendants' counsel apparently being informed by Burdi on December 7, 2021, that Burdi was leaving for Italy and did not have a return flight to the United States.  Additionally, it should have been clear to Burdi, a named party in this lawsuit, that his counsel was repeatedly attempting to contact him to schedule a deposition during this time frame.

Further, the transmissibility of COVID can be addressed through the parties meeting and conferring on acceptable precautions, that may be instituted by the parties in the time between now and the deposition.  Because the discovery cut-off date is not until April of 2022, the parties have some time to take additional measures to prevent the spread and transmission of COVID, including self-quarantine if they so choose.

The Court does not find sufficient demonstrated cause to order Burdi's deposition be taken by remote means.  See Fed. R. Civ. P. 30)(b)(4).  Nor does the Court find sufficient demonstrated cause to limit the discovery to avoid annoyance, embarrassment, oppression, or undue burden or expense.  See Fed. R. Civ. P. 26(c).  Accordingly, Defendants' request to conduct the deposition of Budi remotely shall be denied, and the deposition of Defendant Burdi shall be conducted in-person.  The parties shall confer privately to set a deposition date to occur prior to March 15, 2022, on a date convenient to the parties.

7

## IV.

## ORDER

Accordingly, based on the facts and arguments presented in the parties' joint statement, as well as the matters discussed during the informal conference, IT IS HEREBY ORDERED that:

1. Defendants' request to conduct the deposition of Defendant Gianfranco Burdi remotely is DENIED; and
2. The deposition of Defendant Gianfranco Burdi shall be conducted in-person before March 15, 2022, at a date and time convenient to the parties.

IT IS SO ORDERED.

Dated:  **January 25, 2022**

UNITED STATES MAGISTRATE JUDGE