# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| D.M., et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>COUNTY OF MERCED, et al.,<br><br>  Defendants. | Case No. 1:20-cv-00409-JLT-SAB<br><br>ORDER RE: PLAINTIFFS' MOTIONS TO COMPEL DISCOVERY AND MOTION FOR SANCTIONS<br><br>(ECF Nos. 71, 77, 78, 79, 80, 81, 82) |

**I.**

**INTRODUCTION**

Currently before the Court are Plaintiffs' dual motions to compel production of documents pursuant to Federal Rule of Civil Procedure 34. (ECF Nos. 71, 77.)[1] Plaintiffs' first motion seeks an order compelling Defendants to produce all relevant documents responsive to its Requests for Production Nos. 10 and 11, and seeks sanctions following a supplemental production of documents that Plaintiffs contend should have been produced with Defendants' original production of documents in 2020. (ECF Nos. 71, 80, 81, 82.) Plaintiffs' second motion seeks an

---

[1] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

1

order compelling production of documents responsive to Requests Nos. 20 and 21. (ECF Nos. 77, 78, 79.)

On May 4, 2022, the parties appeared before the Court on both motions. Counsel Jay Kristofferson appeared in person on behalf of Plaintiffs. Counsel Peter Bertling and Jemma Saunders appeared by videoconference on behalf of Defendants. For the reasons explained herein, Plaintiffs' motion to compel responses to Requests Nos. 10 and 11 shall be granted to the No sanctions shall be imposed against any party at this time. Further, the Court shall continue the hearings on both motions to **June 15, 2022**.

## II.

## BACKGROUND

### A.   Factual Background and Pleading Allegations

This lawsuit arises from the death by suicide of Rene Snider ("Ms. Snider") in the Merced County Jail on March 23, 2019. (ECF No. 80 at 6–7.) Ms. Snider entered the Merced County Jail after being found incompetent to stand trial and remanded for restoration of competency. Plaintiffs allege Ms. Snider was at a significantly increased risk of suicide, due to her mental illness, prior history of suicide attempts, the abrupt cessation of her mental health medications, and the fact that the court itself found her to be a danger to herself and others in its decision to remand her into custody. Plaintiffs contend all Defendants failed to adequately screen Ms. Snider for being a suicide risk, despite Ms. Snider being deemed incompetent for trial due to her mental health concerns and prior suicide attempts; failed to adequately monitor Ms. Snider; improperly withdrew her medications; and violated their own policies, ultimately resulting in Ms. Snider's death by hanging on March 23, 2019.

### B.   Procedural Background and Prior Orders Relating to Discovery Dispute

Plaintiffs D.M., L.M., Denise Sawyer, and Doug Snider[2] (collectively, "Plaintiffs") filed this action on March 19, 2020. A first amended complaint was filed on April 13, 2020. (ECF No. 11.) The action proceeds against Defendants County of Merced, Wellpath, LLC

---

[2] The Court notes Plaintiffs filed a notice of death as to Doug Snider on March 21, 2022. (ECF No. 70.) No further filings, such as a motion for substitution, have been submitted at this time.

("Wellpath"), California Forensic Medical Group Inc. ("CFMG"), Amanpreet Atwal, Alicia Dunwoody, Gianfranco Burdi, Keriann Quinn-Fitzpatrick, Dylan Fulcher, Shawn Autrey, and Adriana Kifan.[3]

A scheduling order issued on September 29, 2020, and was thereafter modified to extend the discovery deadlines and trial dates on August 30, 2021. (ECF Nos. 35, 47.)

On June 23, 2021, Plaintiffs filed a motion to compel production of documents. (ECF No. 39.) On July 30, 2021, the Court granted Plaintiffs' motion to compel and ordered Defendants to provide further responses and responsive documents to Plaintiffs' Requests for Production Nos. 20 and 21, within fourteen days of entry of the order. (ECF No. 44.) The Court also granted Plaintiffs' request for sanctions in the form of attorneys' fees, in part. On August 18, 2021, Plaintiffs filed a renewed motion for sanctions in relation to the Court's previous order compelling production. (ECF No. 45.) The Court denied Plaintiffs' motion for sanctions, in part because of a lack of insufficient meeting and conferring in relation to the dispute and filing of the motion, which did not justify the imposition of sanctions. (ECF No. 51.)

On February 10, 2021, Plaintiffs filed a second motion to compel with respect to the same requests for production previously addressed, Requests for Production Nos. 20 and 21. (ECF No. 60.) On March 9, 2022, the Court issued an order granting Plaintiffs' second motion to compel and ordering Defendants to produce all responsive documents within seven days. (ECF No. 69.) The Court additionally granted Plaintiffs' request for sanctions, subject to the filing of a noticed motion for attorneys' fees.

On March 28, 2022 and April 8, 2022, Plaintiffs filed the instant motions to compel. (Respectively, ECF Nos. 71, 77.) The parties submitted their joint statements and supporting declarations and exhibits on April 20, 2022. (ECF Nos. 80, 81, 82 (Mot. to Compel I, ECF No. 71); ECF Nos. 78, 79 (Mot. to Compel II, ECF No. 77).) On May 4, 2022, the parties appeared before the Court for the hearing on the motions.

---

[3] Defendants Wellpath and CFMG are the third-party service providers who provide mental and medical health care services at the Merced County Jail, the County of Merced, and various employees and agents of each. As such, Plaintiffs' motions to compel discovery, as discussed herein, are directed specifically at these Defendants, who shall be collectively referred to as "Defendants" for purposes of the instant order.

3

## III.

## LEGAL STANDARD

Rule 26 of the Federal Rules of Civil Procedure allows a party to obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401.

As relevant here, Rule 34 of the Federal Rules of Civil Procedure provides that

> A party may serve on any other party a request within the scope of Rule 26(b):
>
> (1) to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody, or control:
>
> (A) any designated documents or electronically stored information--including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations--stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form. . . .

Fed. R. Civ. P. 34(a). "The party to whom the request is directed must respond in writing within 30 days after being served. . . ." Fed. R. Civ. P. 34(b)(2)(B). A party's response "may state an objection to a requested form for producing electronically stored information. If the responding party objects to a requested form — or if no form was specified in the request — the party must state the form or forms it intends to use." Fed. R. Civ. P. 34(b)(2)(D).

Rule 37 provides that a party may move for an order compelling disclosure or discovery. Fed. R. Civ. P. 37(a)(1). "A party seeking discovery may move for an order compelling an answer, designation, production, or inspection" where "(i) a deponent fails to answer a question

asked under Rule 30 or 31; (ii) a corporation or other entity fails to make a designation under Rule 30(b)(6) or 31(a)(4); (iii) a party fails to answer an interrogatory submitted under Rule 33; or (iv) a party fails to produce documents or fails to respond that inspection will be permitted -- or fails to permit inspection -- as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B). The party opposing the discovery bears the burden of resisting disclosure. Bryant v. Armstrong, 285 F.R.D. 596, 600 (S.D. Cal. 2012).

**IV.**

**DISCUSSION**

**A.     Motion to Compel Production of Documents re: Requests for Production Nos. 10 and 11, and Motion for Sanctions (ECF No. 71)**

Plaintiffs argue it became apparent from supplemental discovery produced on March 14, 2022, totaling approximately 1,300 pages, that Defendants had not produced all relevant and responsive documents requested in Plaintiffs' RPDs Nos. 20 and 21 at the time they were originally required to do so. Consequently, Plaintiffs seek an order to produce all such relevant documents, as well as sanctions including requiring Defendants to pay for the supplemental deposition/s that now appear necessary. Defendants proffered that their initial responses to these requests for production were appropriately responsive and complete. As to the supplemental productions, Defendants proffered the additional documents produced subsequent to the deposition included generalized policy templates that were not site-specific, and other documents actually relevant to a later date in time, after the incident that is the subject of this litigation; as such, Defendants assert these documents were therefore non-responsive to Plaintiffs' original discovery requests.

As Plaintiffs are asserting Monell claims, it appears to the Court that such documents are relevant to Plaintiffs' claims and should be produced; however, it is unclear from the record as presently established that the failure to include such documents in their original productions amounts to sanctionable conduct. Therefore, the Court hereby grants the motion to compel production of documents pertaining to Requests for Production Nos. 10 and 11, but denies the related request for sanctions at this time (ECF No. 71), without prejudice to renewing the motion

for sanctions after the supplemental discovery is completed. The parties shall meet and confer in person, and the Court and parties are amenable to a further informal discovery conference to settle any remaining disputes. Defendants shall produce the supplemental records discussed **no later than May 25, 2022**. Further, the hearing as to the issue of sanctions is shall be continued to **June 15, 2022**. No additional briefing prior to the hearing is required.

**B.     Motion to Compel Production of Documents re: Requests for Production Nos. 20 and 21 (ECF No. 77)**

As to the second motion (ECF No. 77), Plaintiffs renewed their argument that Defendants' privilege log was deficient. A review of the original privilege log as attached to the parties' joint statement (ECF No. 78 at 6–15) reveals the log does not comply with the Federal Rules of Civil Procedure. Defendants' supplemental letter-response (id. at 24–28) appears helpful, but does not cure the deficiencies of the privilege log because instead of addressing the documents as identified in the log, it appears to utilize a completely different format in which the documents are organized and addressed by Bates-stamped numbers instead of the item number and description as set out in the original log. Further, the Court notes only privileges, not objections, should be indicated on the privilege log. As to the personal "health information/privacy" privilege, the Court note no such privilege is recognized in federal court, and therefore all such responsive documents should be produced to Plaintiffs. To the extent that the parties' protective order appears sufficient to address the stated personal health/privacy concerns, Defendants should not unnecessarily redact the information. In preparing an updated, Federal Rules-compliant privilege log, Defendants are reminded that new objections pertaining to the originally-contemplated documents responsive to Plaintiffs' requests may not be asserted. Nonetheless, given the breadth of documents already produced, Plaintiffs should sufficiently identify specific items on the log with which they take issue, rather than asserting a blanket objection to the log.

At the hearing, the Court indicated its preference that the parties conduct an informal meet and confer conference in person to sort out the remaining issues. The parties indicated they were amenable and would conduct an in-person, informal discovery meeting with the Court following up, in person, in the afternoon. If after that meeting, any issue needed to be on the record, the

6

1  Court would afford each party that opportunity. Therefore, to permit the parties an opportunity to
2  informally resolve the remaining privilege log issues and for Defendants to produce an updated
3  privilege log and, as applicable, supplemental, responsive documents, the Court shall continue the
4  hearing on this motion to **June 15, 2022**.

## V.

## ORDER

Accordingly, pursuant to the joint statements regarding the discovery disputes, the separately filed declarations and the exhibits attached thereto, the parties' representations at the hearing on the motions, the Court's file, and the Court's findings at the hearing on the motions, IT IS HEREBY ORDERED that:

1. Plaintiffs' motion to compel as to Requests for Production 10 and 11 (ECF No. 71) is GRANTED as to Plaintiffs' request for supplemental production. Defendants Wellpath, LLC, and California Forensic Medical Group, Inc., shall serve all documents responsive to Plaintiffs' Requests for Production numbers 10 and 11 **no later than May 25, 2022**; as to sanctions, Plaintiff's motion is DENIED, without prejudice to renewal following conclusion of the supplemental discovery productions; and

2. The hearing on Plaintiffs' motion to compel as to Requests for Production 20 and 21 (ECF No. 77), as well as Plaintiff's motion with respect to sanctions (ECF No. 71) are both CONTINUED to **June 15, 2022,** at **10:00 a.m.** in Courtroom 9.

///
///
///
///
///
///
///
///

7

3. The parties are directed to meet and confer in person immediately to resolve the remaining discovery issues as discussed at the hearing. Should the parties seek to set an informal discovery conference with the Court, they shall confer with the Courtroom Deputy to set a date for the informal conference.

IT IS SO ORDERED.

Dated: __May 4, 2022__

UNITED STATES MAGISTRATE JUDGE