# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| D.M., et al., | Case No. 1:20-cv-00409-JLT-SAB |
| Plaintiffs, | ORDER FOLLOWING HEARING ON PLAINTIFFS' MOTIONS TO COMPEL DISCOVERY AND MOTION FOR SANCTIONS |
| v. | |
| COUNTY OF MERCED, et al., | (ECF Nos. 71, 77, 90, 92, 93, 94) |
| Defendants. | |

On June 15, 2022, the Court heard Plaintiffs' dual motions to compel (ECF Nos. 71, 77), which came on for continued hearing. The original motion to compel (ECF No. 71) — which the Court partially-granted on May 4, 2022 — sought an order compelling Defendants to produce all relevant documents responsive to its RPDs Nos. 10 and 11, and sought sanctions following a supplemental production of documents that Plaintiffs contend should have been produced with Defendants' original production of documents in 2020.[1]  (ECF Nos. 71, 80, 81, 82.)  The supplemental statement proffers Defendants have still failed to produce all documents responsive to RPDs 10 and 11, as ordered by the Court; it confirms that the majority of the 4,300

---

[1] The Court granted this motion as to the production of documents and continued the hearing as to the issue of sanctions.  (ECF No. 84.)

1

1  supplemental documents recently produced by Defendants in response to the motion to compel
2  and Court's order should have been produced with Defendants' original productions (thus
3  warranting sanctions); and it seeks an order that reopens the depositions of the witnesses whose
4  testimony Plaintiffs maintain is affected by the supplemental document production, and requires
5  Defendants to bear the costs for those depositions.

6  On June 15, 2022, the parties appeared before the Court on the motions. Counsel
7  Christopher Lisieski appeared in person on behalf of Plaintiffs. Counsel Peter Bertling appeared
8  by videoconference on behalf of Defendants. The parties advised the Court that disputes related
9  to the motion to compel privilege log documents (ECF No. 77) have been resolved, and the
10 Plaintiffs have withdrawn their motion for sanctions in relation to the same. The Court shall
11 therefore deny this motion as moot. The Court heard argument on the renewed motion to compel
12 (ECF No. 71) and shall grant that motion for the reasons herein.

# I.

# BACKGROUND

## A. Factual Background and Pleading Allegations

This lawsuit arises from the death by suicide of Rene Snider ("Ms. Snider") in the Merced County Jail on March 23, 2019. (See ECF No. 80 at 6–7.) Ms. Snider entered the Merced County Jail after being found incompetent to stand trial and remanded for restoration of competency. Plaintiffs allege Ms. Snider was at a significantly increased risk of suicide, due to her mental illness, prior history of suicide attempts, the abrupt cessation of her mental health medications, and the fact that the court itself found her to be a danger to herself and others in its decision to remand her into custody. Plaintiffs contend all Defendants failed to adequately screen Ms. Snider for being a suicide risk, despite Ms. Snider being deemed incompetent for trial due to her mental health concerns and prior suicide attempts; failed to adequately monitor Ms. Snider; improperly withdrew her medications; and violated their own policies, ultimately resulting in Ms. Snider's death by hanging on March 23, 2019.

///

///

### B. Procedural Background and Prior Orders Relating to Discovery Dispute

Plaintiffs D.M., L.M., Denise Sawyer, and Doug Snider[2] (collectively, "Plaintiffs") filed this action on March 19, 2020. A first amended complaint was filed on April 13, 2020. (ECF No. 11.) The action proceeds against Defendants County of Merced, Wellpath, LLC ("Wellpath"), California Forensic Medical Group Inc. ("CFMG"), Amanpreet Atwal, Alicia Dunwoody, Gianfranco Burdi, Keriann Quinn-Fitzpatrick, Dylan Fulcher, Shawn Autrey, and Adriana Kifan.[3]

A scheduling order issued on September 29, 2020, and was thereafter modified to extend the discovery deadlines and trial dates on August 30, 2021. (ECF Nos. 35, 47.)

On June 23, 2021, Plaintiffs filed a motion to compel production of documents. (ECF No. 39.) On July 30, 2021, the Court granted Plaintiffs' motion to compel and ordered Defendants to provide further responses and responsive documents to Plaintiffs' Requests for Production ("RPDs") Nos. 20 and 21, within fourteen days of entry of the order. (ECF No. 44.) The Court also granted Plaintiffs' request for sanctions in the form of attorneys' fees, in part. On August 18, 2021, Plaintiffs filed a renewed motion for sanctions in relation to the Court's previous order compelling production. (ECF No. 45.) The Court denied Plaintiffs' motion for sanctions, in part because of a lack of sufficient meeting and conferring in relation to the dispute and filing of the motion, which did not justify the imposition of sanctions. (ECF No. 51.)

On February 10, 2021, Plaintiffs filed a second motion to compel with respect to the same requests for production previously addressed, RPDs Nos. 20 and 21. (ECF No. 60.) On March 9, 2022, the Court issued an order granting Plaintiffs' second motion to compel and ordering Defendants to produce all responsive documents within seven days. (ECF No. 69.) The Court additionally granted Plaintiffs' request for sanctions, subject to the filing of a noticed motion for attorneys' fees. (Id. at 22.) The filing deadline for Plaintiffs' fees motion is currently set for July

---

[2] The Court notes Plaintiffs filed a notice of death as to Doug Snider on March 21, 2022. (ECF No. 70.) No further filings, such as a motion for substitution, have been submitted at this time.

[3] Defendants Wellpath and CFMG are the third-party service providers who provide mental and medical health care services at the Merced County Jail, the County of Merced, and various employees and agents of each. As such, Plaintiffs' motions to compel discovery, as discussed herein, are directed specifically at these Defendants, who shall be collectively referred to as "Defendants" for purposes of the instant order.

1  30, 2022.  (See ECF No. 89.)

2  On March 28, 2022, and April 8, 2022, Plaintiffs filed the most recent motions to compel. (Respectively, ECF Nos. 71, 77.)  The parties submitted their joint statements and supporting declarations and exhibits on April 20, 2022.  (ECF Nos. 80, 81, 82 (regarding the Mot. to Compel at ECF No. 71); ECF Nos. 78, 79 (regarding the Mot. to Compel at ECF No. 77).)  On May 4, 2022, the parties appeared before the Court for the hearing on the motions.  (ECF No. 83.)  On May 4, 2022, the Court issued an order on the motions.  (ECF No. 84.)  As to Plaintiffs' motion to compel related to RPDs 10 and 11 (ECF No. 71), the Court granted the motion but declined to issue sanctions at that time.  As to Plaintiffs' motion to compel related to RPDs 20 and 21 (ECF No. 77), the Court declined to issue a ruling and instead ordered the parties to meet and confer in person, and set an informal discovery conference for May 24, 2022.  (See id.; see also ECF No. 87.)  Finally, the Court continued the hearing on both motions to June 15, 2022.

Pursuant to the Court's order and the parties' representations at the May 4 hearing, the parties met informally on May 24; thereafter they notified the Court that the issues had been resolved and vacated the conference with the Court.  The hearing for the motions to compel, however, remained on calendar for June 15.

On June 8, 2022, Plaintiffs filed a unilateral supplemental statement regarding the ongoing discovery disputes.  (ECF No. 90.)  Plaintiffs noted the disputes regarding RPDs 20 and 21 (ECF No. 77) had been resolved and Plaintiffs were withdrawing their request for sanctions as to that matter.  However, as to the dispute regarding RPDs 10 and 11 (ECF No. 71), Plaintiffs identified ongoing issues regarding Defendants' failure to produce all responsive documents as previously ordered by the Court (based on Defendants' claim that their document searches are still not yet complete), and Defendants' refusal to reopen depositions of the witnesses whose testimony Plaintiffs maintain is affected by the 4300 supplemental documents Defendants recently produced in response to the RPDs and Court's order.  Plaintiffs therefore seek a further order compelling immediate production of the responsive documents still due, reopening the depositions of the identified witnesses, and requiring Defendants to bear the costs for those depositions.  Finding Plaintiffs' supplemental statement addressed new developments in the discovery disputes that

4

1  required a response, the Court ordered Defendants to immediately file a responsive statement.
2  (ECF No. 91.)

3  On June 10, 2022, Defendants filed a responsive statement regarding the discovery
4  disputes. (ECF No. 92.) In their supplemental responsive statement, Defendants note they are
5  still attempting to determine whether there is any ESI documentation responsive to Plaintiffs'
6  RFP Nos. 10 and 11, but that they previously provided Plaintiffs all site-specific documents for
7  Merced County that would be responsive to the requests and therefore have substantially
8  complied with the requests. Defendants further argue good cause does not exist to require
9  supplemental depositions because the identified witnesses are not mental health staff and would
10 not have used the documents provided during Defendants' supplemental productions.

11 On June 15, 2022, the parties appeared before the Court on the continuing disputes set
12 forth in the parties' separate supplemental statements.

## II.

## LEGAL STANDARD

15 Rule 26 of the Federal Rules of Civil Procedure allows a party to obtain discovery
16 "regarding any nonprivileged matter that is relevant to any party's claim or defense and
17 proportional to the needs of the case, considering the importance of the issues at stake in the
18 action, the amount in controversy, the parties' relative access to relevant information, the parties'
19 resources, the importance of the discovery in resolving the issues, and whether the burden or
20 expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).
21 "Information within this scope of discovery need not be admissible in evidence to be
22 discoverable." Fed. R. Civ. P. 26(b)(1). "Evidence is relevant if: (a) it has any tendency to make
23 a fact more or less probable than it would be without the evidence; and (b) the fact is of
24 consequence in determining the action." Fed. R. Evid. 401.

25 As relevant here, Rule 34 of the Federal Rules of Civil Procedure provides that

> A party may serve on any other party a request within the scope of
> Rule 26(b):
>
> (1) to produce and permit the requesting party or its representative
> to inspect, copy, test, or sample the following items in the

5

> responding party's possession, custody, or control:
>
> (A) any designated documents or electronically stored information--including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations--stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form. . . .

Fed. R. Civ. P. 34(a). "The party to whom the request is directed must respond in writing within 30 days after being served. . . ." Fed. R. Civ. P. 34(b)(2)(B). A party's response "may state an objection to a requested form for producing electronically stored information. If the responding party objects to a requested form — or if no form was specified in the request — the party must state the form or forms it intends to use." Fed. R. Civ. P. 34(b)(2)(D).

Rule 37 provides that a party may move for an order compelling disclosure or discovery. Fed. R. Civ. P. 37(a)(1). "A party seeking discovery may move for an order compelling an answer, designation, production, or inspection" where "(i) a deponent fails to answer a question asked under Rule 30 or 31; (ii) a corporation or other entity fails to make a designation under Rule 30(b)(6) or 31(a)(4); (iii) a party fails to answer an interrogatory submitted under Rule 33; or (iv) a party fails to produce documents or fails to respond that inspection will be permitted -- or fails to permit inspection -- as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B). The party opposing the discovery bears the burden of resisting disclosure. Bryant v. Armstrong, 285 F.R.D. 596, 600 (S.D. Cal. 2012).

## III.

## DISCUSSION

In the original motion to compel (ECF No. 71), Plaintiffs argue it became apparent from supplemental discovery produced on March 14, 2022 (totaling approximately 1,300 pages), that Defendants had not produced all relevant and responsive documents requested in Plaintiffs' RPDs Nos. 10 and 11 at the time they were originally required to do so. Plaintiffs sought an order at that time to produce all such relevant documents, as well as to require Defendants to pay for the supplemental deposition/s that Plaintiffs proffered were now necessary. The Court granted Plaintiffs' motion as to the request for production of all responsive documents, but denied

1  Plaintiffs' request for sanctions/requiring Defendants to pay for any supplemental depositions,
2  without prejudice to renewal after sufficient supplemental production had occurred to ascertain
3  whether such sanctions were warranted.  Plaintiff's supplemental statement re: discovery dispute
4  essentially renews its motion for sanctions and seeks an order reopening certain depositions based
5  on Defendants' supplemental productions.

6  More specifically, Plaintiffs note Defendants have now produced approximately 4,300
7  pages of documents subsequent to Plaintiffs' motion to compel and the Court's order.  Plaintiffs
8  assert the majority of these documents predate the original production request, were responsive at
9  that time, and therefore should have been included in Defendants' initial production.  Defendants
10 have also not produced any emails yet, purportedly because they are still "completing their
11 searches," even though Defendants were ordered by the Court to complete supplemental
12 production by May 25, 2022.  Plaintiffs maintain these circumstances have resulted in Plaintiffs
13 expending significant time meeting and conferring with Defendants and constitutes sanctionable
14 conduct.

15 Plaintiffs seek to reopen the depositions of Amanpreet Atwal, Jessica Ramirez-Aguilar,
16 and Keriann Quinn-Fitzpatrick (nursing staff for Wellpath at Merced County Jail who testified
17 extensively as to Wellpath's policies) to ask them about the thousands of pages of newly
18 produced documents related to Defendants' policies, practices, and procedures.  Plaintiffs contend
19 the testimony is relevant to their Monell claims against Wellpath, CFMA and their affiliates for
20 failure "to take remedial steps to ensure that inmates are adequately screened for suicide risk,
21 adequately monitored, adequately house and clothed, and prescribed all psychiatric medication."
22 (ECF No. 90 at 6.)

23 At the June 15 hearing, the parties agreed to proceed with the proposed depositions.  The
24 Court ordered the parties to further meet and confer and thereafter provide a stipulated, proposed
25 order setting forth the specific deadlines and terms for the anticipated supplemental depositions.
26 The parties submitted their stipulated proposed order on June 22, 2022 (ECF No. 94), which the
27 Court shall adopt.

28 **IV.**

**CONCLUSION AND ORDER**

For the foregoing reasons, pursuant to the joint statements regarding the discovery disputes, the separately filed declarations and the exhibits attached thereto, the parties' representations at the hearing on the motions, the Court's file, the Court's findings at the hearing on the renewed motion, and the parties' stipulation, IT IS HEREBY ORDERED that:

1. Plaintiffs' April 8, 2022 motion to compel (ECF No. 77) is DENIED as moot; and
2. Plaintiff's March 28, 2022 motion (ECF No. 71) is GRANTED as follows:
   a. Defendants Wellpath LLC and California Forensic Medical Group, Inc. (collectively, "Defendants") shall produce all documents responsive to Plaintiffs' RPD Nos. 10 and 11 by **no later than June 29, 2022**. By that date, Defendants shall also produce documents to Plaintiffs showing the dates, search terms, and custodians searched for RFP Nos. 10, 11, 20, and 21, in order to resolve any outstanding questions regarding the production of documents pursuant to these RFPs;
   b. Pursuant to the agreement of the parties on the record, Plaintiffs shall be permitted to re-open the depositions of Amanpreet Atwal, Keriann Quinn-Fitzpatrick, and Jessica Ramirez-Aguilar for the purpose of questioning the witnesses about the documents produced in response to RFP Nos. 10 and 11 after their original depositions were conducted. These depositions need not be conducted until after the production of all documents responsive to RFP Nos. 10 and 11, as discussed in Paragraph 2a. While the purpose of re-opening these depositions is to permit questioning on newly-produced documents, Plaintiffs may include a reasonable amount of questioning to reset the stage and/or refresh the witness on prior deposition testimony, and Plaintiffs may seek to clarify answers from the prior deposition testimony to the extent they conflict with answers to questions about the newly-produced documents; and
   c. Plaintiffs are directed to file a motion for attorneys' fees **on or before July**

1. **20, 2022**, concerning costs and fees associated with meeting-and-conferring and bringing the instant motion to compel production of documents and the re-opening of the aforementioned depositions. If they so choose, Plaintiffs may bring a subsequent motion for attorneys' fees associated with any duplicative costs associated with re-opening the depositions into Mmes. Atwal, Quinn-Fitzpatrick, and Ramirez-Aguilar **within fourteen (14) days** of the completion of the last of these depositions.

3. The parties are further directed to meet and confer and submit a stipulation to modify the schedule with proposed pretrial deadlines no later than **July 20, 2022**.

IT IS SO ORDERED.

Dated: **June 23, 2022**

UNITED STATES MAGISTRATE JUDGE